## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                             :

| | |
|---|---|
| NESTLE WATERS NORTH AMERICA INC., | : |
| | :    CIVIL ACTION NO. |
| Plaintiff | : |
| | : |
| -v- | : |
| | :    **COMPLAINT** |
| AQUA CHILL, INC. | :    **AND JURY DEMAND** |
| | : |
| Defendant | : |

_____

Plaintiff Nestlé Waters North America Inc. ("Plaintiff" or "NWNA"), by way of complaint against defendant Aqua Chill, Inc. ("Aqua Chill"), alleges as follows:

### NATURE OF ACTION

1.     This is a civil action for permanent injunctive relief, compensatory damages, exemplary damages (including treble damages and punitive damages), and attorneys' fees and costs of suit under the Federal Computer Fraud and Abuse Act, 18 U.S.C. §1030; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.*; the Massachusetts Consumer Protection Act, M.G.L.A. ch. 93A, §1, *et seq.*; the Massachusetts Theft of Trade Secrets statute, M.G.L.A. ch. 93, §42; and related common law causes of action arising from defendant Aqua Chill's willful and systematic use of federal wires affecting interstate commerce to fraudulently obtain unauthorized access to Plaintiff's confidential customer information maintained within Plaintiff's computer system, and to use said information to pilfer Plaintiff's customers for the benefit of Aqua Chill's competing business enterprise in a manner causing damage and loss to Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, as the claims arise under 18 U.S.C. §1030 and 18 U.S.C. §1964(a) and (c).  This Court has also original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), as Plaintiff and Aqua Chill are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court also has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367.

3.      The Court has personal jurisdiction over Aqua Chill under M.G.L.A. ch. 223A, §3, as Aqua Chill has caused Plaintiff tortious injury by acts or omissions in the Commonwealth of Massachusetts.  Venue is proper in this District pursuant to 18 U.S.C. §1965(a) and (b), and 28 U.S.C. §1391(b) and (c), as a substantial part of the events giving rise to the claims occurred, and a substantial part of the property that is the subject of this action is situated within the Commonwealth of Massachusetts.

## PARTIES

4.      Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 777 West Putnam Avenue, Greenwich, Connecticut, 06830.  Plaintiff is engaged in the manufacturing, distribution and sale of bottled water products under a number of brands, including Poland Spring®, Ozarka®, Zephyrhills®, Arrowhead®, Deer Park®, Ice Mountain® and Nestlé Pure Life®.  Plaintiff operates a home and office water delivery service throughout the United States, including the Commonwealth of Massachusetts.  Through its home and office business, customers contract with Plaintiff for the delivery of five-gallon water bottles with some customers also purchasing cases of smaller-sized bottles of water, disposable cups, coffee, drinking water purification systems and other products.

5.     Defendant Aqua Chill is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 3340 Sunrise, Suite 101, Las Vegas, Nevada  89101.  Aqua Chill is a competitor of Plaintiff, which is engaged in the business of selling drinking water purification and cooling systems to residential and commercial consumers under the registered trade name of "Aqua Chill."  Aqua Chill has offices in many major cities and conducts business across the country through its distributors and franchisees, which include AC-Morristown, Aqua Chill of Tampa, Aqua Chill of St. Petersburg, Aqua Chill of South Florida, Aqua Chill of Valrico, Aqua Chill of San Antonio, Aqua Chill of Houston, Aqua Chill Gulf Coast, Aqua Chill of Dallas, Aqua Chill of Metroplex, Aqua Chill of Denver, Aqua Chill Solutions, Aqua Chill of Golden, Aqua Chill of Phoenix, Aqua Chill of Scottsdale, Aqua Chill of Tucson, Aqua Chill of Cave Creek, Ken Alteman Investments USA, Aqua Chill of Las Vegas, Aqua Chill of Green Valley, Aqua Chill of San Diego and Aqua Chill of Mission Viejo.

## OPERATIVE FACTS

6.     This case is about a competitor of Plaintiff using deceptive and fraudulent business practices to infiltrate Plaintiff's electronic customer database, to actually steal Plaintiff's confidential customer information, and to use that confidential information to solicit Plaintiff's customers in unfair competition with Plaintiff.

PLAINTIFF'S CONFIDENTIAL
ELECTRONIC CUSTOMER DATABASE

7.     As part of its customer service-oriented business approach, Plaintiff operates a customer service facility located in Raynham, Massachusetts, which maintains and operates a computer system in the form of an electronic data processing device that performs data storage customer and communications functions.

8.     Plaintiff's computer system contains confidential, customer-specific account information, which its customers can access by dialing a toll-free telephone number and entering certain unique identifying information.

9.     Plaintiff's customer data includes the customer's identity, the customer's address, the customer's telephone number, the customer's account history, the customer's current account balance, the current quantity, type and price of product being purchased by the customer, and the customer's next-scheduled delivery date.   In addition, Plaintiff's computer system provides, upon request by a customer, a copy of the most recent invoices which have been sent by Plaintiff to the customer.

10.     At all times relevant hereto, Plaintiff has preserved the confidentiality of its customer service data and has taken reasonable steps and measures to protect the confidentiality of this customer information from disclosure to and use by unauthorized persons.

### AQUA CHILL INFILTRATES PLAINTIFF'S CONFIDENTIAL CUSTOMER DATABASE TO OBTAIN AN UNFAIR COMPETITIVE ADVANTAGE

11.     "With offices across our nation," Aqua Chill represents that "[it] has become the most recognized name in point of use drinking water systems offered to our business community."   In competition with Plaintiff, Aqua Chill advertises to the public that "Aqua Chill is the future in purified drinking water systems, today!"   "Instead of storing cumbersome 5 gallon bottles supplied by bottled water companies, Aqua Chill brings the water purification system to your business, connects it to your own water sources, then to your new bottle less [*sic*] drinking water cooler."

12.     In advertising its water purification and cooling system, Aqua Chill compares itself favorably to bottled water as meaning "No Heavy Lifting or Storing", "No

Contaminants", "No Interuptions" [*sic*], "Pure Freshness", a "Fixed Invoice" and "Payment Plan", and will "Save Your Company Money … and Please Save your Environment."  Aqua Chill states that "[y]ou'll save up to 30 to 50% off the cost of bottled water with your new Aqua Chill system.  If you're using bottled water now, about half the cost of each bottle delivered is attributed to the cost of fuel and delivery.  Save money with Aqua Chill and save YOUR environment with no deliveries."

13.     Beginning in 2006, Aqua Chill intentionally, willfully and maliciously utilized an unlisted telephone number to defraud Plaintiff by accessing Plaintiff's computer system and by taking confidential customer information and data maintained by Plaintiff.  Aqua Chill dialed Plaintiff's toll-free customer service telephone number and, after connecting, misrepresented itself as a customer of Plaintiff by entering a customer's telephone number, which, if linked to the customer's account number, would permit Aqua Chill to access that customer's confidential business information.

14.     Acting through its authorized sales representatives, Aqua Chill used federal wires affecting interstate commerce to mislead and deceive Plaintiff's computer system into treating Aqua Chill sales representatives as actual customers of Plaintiff so as to permit them unauthorized access to Plaintiff's confidential customer information.

15.     During the period commencing in 2006 and continuing through 2009, defendant Aqua Chill made in excess of 8,500 telephone calls from a call center or facility located in Tempe, Arizona to Plaintiff's customer service center in Raynham, Massachusetts with the intent and purpose of deceiving and defrauding Plaintiff in order to gain access to its computer system so that it could steal from Plaintiff its confidential customer data and information.

16.     Through unfair and deceptive means, Aqua Chill accessed Plaintiff's computer system, which enabled it to obtain copies of recent invoices sent by Plaintiff to its customers, which invoices contained confidential customer identification and purchasing information.

17.     Exploiting its unauthorized access to Plaintiff's customer data, Aqua Chill and its distributors, franchisees, and agents, utilized the confidential customer information fraudulently purloined and stolen from Plaintiff to unlawfully and unfairly compete with Plaintiff by soliciting Plaintiff's customers to purchase Aqua Chill's water purification and cooling systems in lieu of Plaintiff's bottled water.

18.     By virtue of its fraudulent conduct, Aqua Chill has utilized the confidential customer data and information which it wrongfully and illegally obtained from Plaintiff's computerized customer service system to contact customers of Plaintiff located in those states where Aqua Chill and its distributors and franchisees do business.

19.     As a direct and proximate result of Aqua Chill's intentionally and willfully deceitful, fraudulent and illegal conduct, Plaintiff has lost numerous customers and has otherwise been damaged.

## <u>COUNT I</u>
### [Violation of Federal Computer Fraud and Abuse Act, 18 U.S.C. §1030]

20.     Plaintiff repeats the allegations set forth in paragraphs 1 through 19 of this complaint as if fully set forth at length herein.

21.     In the course of conducting its business, Plaintiff owns, maintains and operates a computerized customer service system which utilizes an electronic data processing device that performs data storage customer and communications functions, which system qualifies as a protected computer within the meaning of 18 U.S.C. §1030(e)(2).

22.     By virtue of the fact that a customer of Plaintiff can dial a toll-free telephone number and enter identifying data in order to obtain access to the customer's confidential, purchasing information (including, but not limited to, copies of invoices revealing the customer's current account balance, and current quantity, pricing and type of product being purchased by the customer), Plaintiff's electronic customer service system is used in and affects interstate commerce and communication within the meaning of 18 U.S.C. §1030(e)(2).

23.     During the period of 2006 through 2009, Aqua Chill, acting through its authorized sales representatives and agents located in Tempe, Arizona, employed an unlisted telephone number and, using federal wires affecting interstate commerce, dialed into Plaintiff's toll-free, customer service system located in Raynham, Massachusetts with the intent of deceiving and defrauding Plaintiff so as to gain access to Plaintiff's protected computer and to steal the confidential customer information maintained therein.

24.     In violation of 18 U.S.C. §1030(e)(2), Aqua Chill, acting through its authorized sales representatives and agents, intentionally and without authorization made over 8,500 interstate telephone calls and thereby accessed Plaintiff's protected computer and, engaging in deceptive, deceitful and fraudulent conduct to mislead Plaintiff into believing that they were actual customers of Plaintiff, obtained unauthorized and unlawful access to the confidential customer information of Plaintiff's customers during the period of 2006 through 2009.

25.     Through its unauthorized and unlawful access, Aqua Chill obtained Plaintiff's confidential customer information and data (including customer identification, contact and purchasing information) from Plaintiff's protected computer in violation of 18 U.S.C. §1030(a)(2)(C).

26.     Acting knowingly and intentionally to defraud Plaintiff, Aqua Chill accessed Plaintiff's protected computer and the confidential customer information and data contained therein (including customer identification, contact and purchasing information) without authorization from Plaintiff in violation of 18 U.S.C. §1030(a)(4).

27.     By means of its knowing and intentional conduct in furtherance of its fraud in violation of 18 U.S.C. §1030(a)(4), Aqua Chill obtained confidential customer information and data used by Plaintiff in selling its products and in servicing its customers in competition with Aqua Chill, which information has value to Plaintiff.

28.     In violation of 18 U.S.C. §1030(a)(5)(A), Aqua Chill, acting through its authorized sales representatives and agents, knowingly, intentionally and without authorization caused the transmission of information, a code and/or command to Plaintiff's electronic customer service system which resulted in damage to Plaintiff's protected computer.

29.     In violation of 18 U.S.C. §1030(a)(5)(B), Aqua Chill, acting through its authorized sales representatives and agents, intentionally and without authorization accessed Plaintiff's protected computer and, as a result, recklessly caused damage to Plaintiff.

30.     In violation of 18 U.S.C. §1030(a)(5)(C), Aqua Chill, acting through its authorized sales representatives and agents, intentionally and without authorization accessed Plaintiff's protected computer and, as a result, caused damage and loss to Plaintiff.

31.     For purposes of 18 U.S.C. §1030(e)(8), as a direct and proximate result of the intentionally deceitful and fraudulent conduct perpetrated by Aqua Chill, Plaintiff has suffered damage, including, but not limited to, the impairment of the integrity of its protected computer and of its confidential customer information and data.

32.     For purposes of 18 U.S.C. §1030(e)(11), as a direct and proximate result of the intentionally deceitful and fraudulent conduct perpetrated by Aqua Chill, Plaintiff has suffered loss, including, but not limited to, costs in receiving over 8,500 toll-free calls from Aqua Chill; costs associated with responding to the invasion of its protected computer and customer data; costs associated with conducting a damage assessment of said invasion; costs associated with taking restorative and corrective action in response to said invasion; and loss of customers, loss of profits and loss of good will caused by said invasion.

33.     For purposes of 18 U.S.C. §1030(g), as a direct and proximate result of the intentionally deceitful and fraudulent conduct perpetrated by Aqua Chill, Plaintiff has suffered loss aggregating at least $5,000 in value during the preceding one-year period, resulting from the loss of confidential and proprietary information used by Aqua Chill for its own competitive benefit.

### COUNT II
**[Violation of the Racketeer Influenced and Corrupt Organizations Act,
18 U.S.C. §1961, *et seq.*]**

34.     Plaintiff repeats the allegations set forth in paragraphs 1 through 33 of this complaint as if fully set forth at length herein.

35.     Plaintiff is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964(c).

36.     Aqua Chill is a "person," within the meaning of 18 U.S.C. §§1961(3) and 1962(c).

37.     Aqua Chill and its independently operated distributors and franchisees, including AC-Morristown, Aqua Chill of Tampa, Aqua Chill of St. Petersburg, Aqua Chill of South Florida, Aqua Chill of Valrico, Aqua Chill of San Antonio, Aqua Chill of Houston, Aqua

Chill Gulf Coast, Aqua Chill of Dallas, Aqua Chill of Metroplex, Aqua Chill of Denver, Aqua

Chill Solutions, Aqua Chill of Golden, Aqua Chill of Phoenix, Aqua Chill of Scottsdale, Aqua

Chill of Tucson, Aqua Chill of Cave Creek, Ken Alteman Investments USA, Aqua Chill of Las

Vegas, Aqua Chill of Green Valley, Aqua Chill of San Diego and Aqua Chill of Mission Viejo,

constitute an association-in-fact "enterprise" (the "Enterprise"), within the meaning of 18 U.S.C.

§§1961(4) and 1962(c).

38.     Aqua Chill was associated with the Enterprise by knowingly conducting or

participating, directly or indirectly, in the conduct of the affairs of the Enterprise through a

pattern of racketeering activity within the meaning of 18 U.S.C. §§1961(1)(B), 1961(5) and

1962(c).

39.     The affairs of the Enterprise were conducted through a pattern of

racketeering activity involving the commission of over 8,500 incidents of wire fraud in violation

of 18 U.S.C. §1343, whereby Aqua Chill utilized federal wires affecting interstate commerce to

fraudulently and unlawfully gain access to Plaintiff's electronic customer-service database to

steal Plaintiff's confidential customer data, consisting of customer identification, contact and

purchasing information.

40.     Aqua Chill knowingly conducted or participated, directly or indirectly, in

the conduct of the affairs of the Enterprise through a pattern of racketeering activity by

disseminating the confidential customer information obtained through its fraudulent and

unlawful use of federal wires affecting interstate commerce to its distributors and franchisees,

including those identified herein.

41.     Operating from locations across the country, the Enterprise used the

confidential customer information, obtained from Plaintiff through the fraudulent and unlawful

misuse of federal wires affecting interstate commerce, to engage in the sale, distribution and installation of drinking water purification and cooling systems, advertised and marketed under the registered trade name of "Aqua Chill," to residential and commercial customers of Plaintiff, thereby engaging in and performing activities which affected interstate commerce.

42.     By engaging in the foregoing conduct, Aqua Chill engaged in a pattern of racketeering activity in violation of 18 U.S.C. §1962(c) which caused injury to Plaintiff's business and property, including, but not limited to, damages resulting from the loss of its confidential customer information, the loss of its customers, the loss of profits and good will to be derived from sales of its products to its customers, and the incurrence of costs associated with the unlawful invasion of its electronic customer service database.

## COUNT III
### [Violation of the Massachusetts Consumer Protection Act,
### M.G.L.A. ch. 93A, §1, *et seq.*]

43.     Plaintiff repeats the allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth at length herein.

44.     Plaintiff is a "person" within the meaning of M.G.L.A. ch. 93A, §1(a).

45.     Plaintiff is a person engaged in the conduct of "trade" and "commerce" within the meaning of M.G.L.A. ch. 93A, §1(b) and §11, as Plaintiff is engaged in the business of distributing and selling bottled water products under a variety of brand names (including Poland Spring®, Ozarka®, Zephyrhills®, Arrowhead®, Deer Park®, Ice Mountain® and Nestlé Pure Life®) and operates a home and office water delivery service throughout the United States, whereby customers contract with Plaintiff for the delivery of five-gallon water bottles, as well as the purchase of cases of smaller-sized bottles of water, disposable cups and coffee.  Plaintiff's

products constitute tangible, personal property which is a commodity or thing of value to Plaintiff and to its customers.

46.     Defendant Aqua Chill is a person engaged in the conduct of "trade" and "commerce" within the meaning of M.G.L.A. ch. 93A, §1(b) and §11, by virtue of being engaged in the business of distributing and selling drinking water purification and cooling systems, advertised and marketed under the registered trade name of "Aqua Chill," to residential and commercial customers in competition with Plaintiff.

47.     Plaintiff operates a customer service facility located in Raynham, Massachusetts, where it operates an electronic database housing confidential customer identification, contact and purchasing information, which includes a customer's address, telephone number, account history, account balance, current quantity, pricing and type of purchased products, next-scheduled delivery date and most recent account invoices which have been sent by Plaintiff to the customer.

48.     As identified above, Plaintiff's confidential customer information has been generated, created and otherwise obtained from its customers for its use in transacting sales of its bottled water products to its customers.

49.     Plaintiff's electronic customer service system permits Plaintiff's customers to access their own particular identification, contact and purchasing information by dialing into a toll-free telephone number and entering certain unique identifying information.

50.     Plaintiff has undertaken reasonable efforts to maintain, and has in fact maintained, its confidential customer information in confidence and secrecy from the public at-large, including, in particular, from competitors such as Defendants.

51.     Plaintiff's electronic customer service system contains confidential customer information which constitutes trade secrets from which Plaintiff derives a competitive, commercial advantage and which thereby possesses actual and potential, independent economic value to Plaintiff, as such information is not generally known to or readily ascertainable by proper means by unauthorized persons who could obtain material benefit and economic value from its indiscriminate disclosure and/or use.

52.     During the period of 2006 through 2009, Aqua Chill, acting through its sales representatives and agents, made in excess of 8,500 calls to Plaintiff's electronic customer service center located in Raynham, Massachusetts in order to unfairly and deceptively infiltrate Plaintiff's electronic database so as to steal Plaintiff's confidential customer information.

53.     Specifically, in the course of accessing Plaintiff's electronic customer service system, Aqua Chill, through the use of false representations of fact, impersonated existing customers of Plaintiff so as to gain access to trade secret information maintained by Plaintiff with respect to its customers.

54.     By deceiving and defrauding Plaintiff into allowing it to gain unauthorized access to Plaintiff's confidential customer information and by misappropriating said confidential information for an unauthorized competitive use, Aqua Chill committed an unfair, deceptive, immoral, unethical, oppressive or otherwise unscrupulous act or practice in violation of M.G.L.A. ch. 93A, §2.

55.     By disseminating and distributing Plaintiff's confidential customer information to its distributors and franchisees for the purpose of unfairly and unlawfully competing with Plaintiff for the business of Plaintiff's customers, Aqua Chill committed an

unfair, deceptive, immoral, unethical, oppressive or otherwise unscrupulous act or practice in violation of M.G.L.A. ch. 93A, §2.

56.     By using Plaintiff's confidential customer information, obtained by Aqua Chill through the employment of unfairly and unlawfully deceptive means, Aqua Chill committed unfair, deceptive, immoral, unethical, oppressive or otherwise unscrupulous acts or practices in violation of M.G.L.A. ch. 93A, §2.

57.     Aqua Chill engaged willfully or knowingly in the use and employment of unfair methods of competition, and/or unfair or deceptive acts or practices, which are unlawful under M.G.L.A. ch. 93A, §2, primarily and substantially within the Commonwealth of Massachusetts.

58.     Aqua Chill's use and employment of unfair methods of competition and unfair or deceptive acts or practices which are unlawful under M.G.L.A. ch. 93A, §2, has caused Plaintiff a foreseeable loss of money and property, including, but not limited to, damages resulting from the loss of its confidential customer information, the loss of its customers, the loss of profits and good will to be derived from sales of its products to its customers, and the incurrence of costs associated with the unlawful invasion of its electronic customer service database, all of which entitle Plaintiff to compensation.

## COUNT IV
### [Theft of Trade Secrets - M.G.L.A. ch. 93, §42]

59.     Plaintiff repeats the allegations set forth in paragraphs 1 through 58 of this complaint as if fully set forth at length herein.

60.     Plaintiff's business operates in a highly competitive environment in which its customer information is highly confidential and integral to the success of the business.  This

customer information constitutes trade secrets within the meaning of M.G.L. ch. 93, §42 and other applicable laws.

61.     Aqua Chill deceived and defrauded Plaintiff into allowing it to gain unauthorized access to, and to misappropriate, Plaintiff's confidential customer information. Aqua Chill misappropriated this confidential customer information with the intent to convert it -- and, in fact, did convert it -- to its own competitive use in violation of M.G.L. ch. 93, §42.

62.     As a direct and proximate result of Aqua Chill's violations of M.G.L. ch. 93, §42, and other applicable laws, Plaintiff has suffered substantial damages.

## COUNT V
### [Fraud]

63.     Plaintiff repeats the allegations set forth in paragraphs 1 through 62 of this complaint as if fully set forth at length herein.

64.     In the course of accessing Plaintiff's electronic customer service system, defendant Aqua Chill made material misrepresentations of existing fact which enabled it to impersonate customers of Plaintiff.  Aqua Chill misrepresented itself to Plaintiff by pretending to be and disguising itself as a customer of Plaintiff, whereby after placing a telephone call to Plaintiff's toll-free customer service center in Raynham, Massachusetts, Aqua Chill would enter the customer's telephone number, which telephone number, if linked to the customer's account number, enabled Aqua Chill to access that customer's confidential business information.

65.     Aqua Chill engaged in the foregoing fraudulent conduct intentionally, with the knowledge and belief that each representation identifying itself as one of Plaintiff's customers was false.

66.     Aqua Chill's acts were actuated by actual malice or were undertaken with a willful and wanton disregard of the harm which those acts might foreseeably have caused to Plaintiff.

67.     Aqua Chill intended that Plaintiff rely upon its false representations of fact so that Plaintiff would permit Aqua Chill to gain access to the confidential information and data maintained by Plaintiff with respect to its customers.

68.     Plaintiff was fraudulently induced to, and did in fact reasonably and detrimentally rely upon Aqua Chill's false representations of existing material facts in unwittingly and unknowingly allowing Aqua Chill to obtain access to its confidential customer information and data.

69.     Aqua Chill's fraudulent inducement of Plaintiff to allow it to obtain access to Plaintiff's confidential customer information and data directly and proximately caused damage to Plaintiff for which it is entitled to be compensated by Aqua Chill.

**COUNT VI**
**[Tortious Interference With**
**Existing Contractual Relations and Economic Advantages]**

70.     Plaintiff repeats the allegations set forth in paragraphs 1 through 69 of this complaint as if fully set forth at length herein.

71.     Plaintiff maintains contractual relationships with its residential and commercial customers, from whom it has acquired, compiled and maintained confidential information for use in serving its customers and thereby fostering and promoting those business relationships.

72.     Plaintiff reasonably expected to enjoy the fruits of its contractual relationships with its residential and commercial customers and to derive economic benefits and advantages from those relationships.

73.     Plaintiff possesses a protectable interest in its contractual relationships with its residential and commercial customers and the prospective economic benefits and advantages to be derived from those relationships.

74.     Aqua Chill owed Plaintiff a common law duty to refrain from wrongfully and tortiously interfering with Plaintiff's lawful pursuit of its existing contractual relationships with its customers and of the prospective economic benefits and advantages to be derived from those relationships.

75.     Engaging in deceptive, fraudulent and otherwise unlawful means, Aqua Chill breached its common law duty to Plaintiff by obtaining and using Plaintiff's confidential customer information for the purpose of soliciting Plaintiff's residential and commercial customers in direct competition with Plaintiff.

76.     In breaching its common law duty to Plaintiff, Aqua Chill acted intentionally, willfully, maliciously and without justification or excuse for its conduct.

77.     Aqua Chill's acts and omissions were actuated by actual malice or were undertaken with a willful and wanton disregard of the harm which those acts and omissions might foreseeably have caused to Plaintiff.

78.     Aqua Chill's intentional, willful and malicious conduct directly and proximately caused the loss of Plaintiff's existing contractual relationships with certain of its residential and commercial customers and of the reasonably anticipated economic benefits and advantages to be derived by Plaintiff from those relationships.

79.     As a direct and proximate result of Aqua Chill's tortuous conduct, Plaintiff has been damaged, for which it is entitled to be compensated by Aqua Chill.

## COUNT VII
### [Conversion]

80.     Plaintiff repeats the allegations set forth in paragraphs 1 through 79 of this complaint as if fully set forth at length herein.

81.     Defendant Aqua Chill owed Plaintiff a common law duty to refrain from exercising wrongful dominion and control over Plaintiff's confidential customer information and data in a manner inconsistent with Plaintiff's rights to said information and data.

82.     By fraudulently gaining access to, obtaining possession of, disclosing and using Plaintiff's confidential customer information and data for its own benefit, Aqua Chill has exercised dominion and control over Plaintiff's property in a manner that is fundamentally inconsistent and totally at odds with Plaintiff's rights to maintain exclusive possession and use of its property.

83.     Aqua Chill intentionally, willfully and maliciously deprived Plaintiff of its ownership rights with respect to its property.

84.     Aqua Chill's acts and omissions were actuated by actual malice or were undertaken with a willful and wanton disregard of the harm which those acts and omissions might foreseeably have caused to Plaintiff.

85.     Aqua Chill's conversion of Plaintiff's property was without justification or excuse.

86.     Aqua Chill's conversion of Plaintiff's property has directly and proximately caused damage to Plaintiff.

**COUNT VIII**
**[Unjust Enrichment]**

87.     Plaintiff repeats the allegations set forth in paragraphs 1 through 86 of this complaint as if fully set forth at length herein.

88.     By virtue of its unauthorized and wrongful use of Plaintiff's confidential customer information and data, Aqua Chill has improperly and unjustly received and been enriched by pecuniary benefits for which Plaintiff has not been compensated.

89.     Aqua Chill has failed to account for and return to Plaintiff the value of the benefits derived by Aqua Chill from its unauthorized and wrongful use of Plaintiff's confidential customer information and data.

90.     Aqua Chill's retention of the pecuniary benefits derived from its use of Plaintiff's confidential customer information and data is both unfair and unjust to Plaintiff.

91.     As a direct and proximate cause of Aqua Chill's retention of the pecuniary benefits derived from its use of Plaintiff's confidential customer information and data, Aqua Chill has been unjustly enriched beyond its lawful rights and thereby has caused damage to Plaintiff.

WHEREFORE, Plaintiff Nestlé Waters North America Inc. demands Judgment against defendant Aqua Chill, Inc. for the following relief:

A.     Enter judgment for Plaintiff on Counts I-VIII in an amount to be determined at trial;

B.     Grant Plaintiff injunctive relief, (1) permanently enjoining defendant Aqua Chill, its agents, servants, employees and all others with whom or which it is acting in concert, from accessing Plaintiff's computer system to elicit customer information and data, and from

using or disclosing Plaintiff's customer information and data for any purpose; (2) directing defendant Aqua Chill to provide Plaintiff with an accounting of any and all documents, whether in documentary or computerized form, containing Plaintiff's customer information and data; and (3) directing defendant Aqua Chill to return all such customer information and data to Plaintiff;

C.      Enter judgment for Plaintiff on Count II (Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.*) in an amount equal to triple Plaintiff's damages, plus interest, costs of suit, and reasonable attorneys' fees;

D.      Enter judgment for Plaintiff on Count III (Violation of the Massachusetts Consumer Protection Act, M.G.L.A. ch. 93A, §1, *et seq.*) in an amount not less than double, nor more than triple, Plaintiff's damages, plus interest, costs of suit, and reasonable attorneys' fees;

E.      Enter judgment for Plaintiff on Count IV (Violation of M.G.L.A. ch. 93, §42) in an amount equal to double Plaintiff's damages, plus interest, and costs of suit;

F.      Enter judgment awarding Plaintiff punitive damages;

G.      Enter judgment ordering Aqua Chill to pay to Plaintiff all costs of suit, interest, and reasonable attorneys' fees incurred by Plaintiff in connection with this matter; and

H.      Enter judgment awarding such other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff Nestlé Waters North America Inc. demands a trial by jury as to all claims

and issues so triable.

**NESTLÉ WATERS NORTH AMERICA INC.,**
By its attorneys

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.

By:    /s/  Benjamin L. Hincks
        Benjamin L. Hincks, BBO # 630685
        One Financial Center
        Boston, MA 02111
        Tel. (617) 542-6000
        Fax. (617) 542-2241

        Of Counsel:

        Jeffrey M. Garrod
        (*Pro Hac Vice* Admission Pending)
        ORLOFF, LOWENBACH, STIFELMAN &
            SIEGEL, P.A.
        101 Eisenhower Parkway
        Roseland, New Jersey 07068-1082
        Tel. (973) 622-6200
        Fax (973) 622-3073

Dated:  May 21, 2009